## J. B. McGehee et al. v. Town of Woodville.

1. Municipal Corporation. *Real estate. Dedication to public use.*

   A conveyance to a town, and " their successors and assigns, for literary purposes," it being agreed by " the parties to this indenture " that the corporation should keep the tenements in repair " for the specific purpose of maintaining a public school," is not a dedication of the property to public uses.

2. Same. *Power to reconvey. Condition. Covenant.*

   If the town had then power to take under such a deed, it could reconvey to the donor when unable to maintain the school-house, which was falling down ; because if a condition it was thus broken, and if a covenant the town had the right thus to free itself from its continued obligation, and liability for its disregard.

3. Same. *Conveyance. How and by whom made.*

   If a subsequent charter empowers the mayor and aldermen as a body corporate to hold real estate and convey it, a deed afterwards made by the mayor, under an order of the board of mayor and aldermen, is valid for the purpose of reconveying the property to the grantor.

Appeal from the Circuit Court of Wilkinson County.

Hon. J. B. Chrisman, Judge, did not sit in this case, but Hon. Ralph North presided by interchange.

In 1853, the town of Woodville contracted with the West Feliciana Railroad Co. for the purchase of a lot and house in the town, for thirty-five hundred dollars, payable in three instalments, for the use of public schools. In August, 1854, the mayor and clerk were directed to give to the railroad company the necessary vouchers for the last two payments, and to take bond for title upon the full amount being paid. The town went into possession of the property. On March 31, 1855, the corporation paid the railroad company one thousand dollars, and thirty-five dollars interest to date.

On Nov. 23, 1860, the mayor and aldermen in meeting, by preamble and resolutions, recited the above facts, and the further fact that the railroad company had never executed a deed, and that Edward McGehee had paid the balance of the purchase-money and interest from March 31, 1855, and authorized the railroad company to execute and deliver to him a deed of

the property, and released the company from liability for the one thousand and thirty-five dollars paid on March 31, 1855. Accordingly, the railroad company, for three thousand six hundred and twenty-five dollars, conveyed and delivered the property to Edward McGehee, who by deed acknowledged, April 17, 1861, for the consideration of one dollar, conveyed it to the town of Woodville, "their successors and assigns, to have and to hold unto the said corporation, their successors and assigns, for literary purposes." "It being hereby expressly understood and agreed by and between the parties to this indenture that the said corporation shall keep the building and tenements on said lot in thorough repair for the specific purpose of maintaining a public school thereon and therein." Under this deed the town took possession.

The Charter of 1872, § 5, provided that the "mayor and aldermen shall constitute a body corporate," and that "said body corporate shall have power to purchase and hold real estate, and to sell and convey the same." On April 3, 1874, being unable to maintain a school or repair the property, which was rapidly going to decay and was about to fall, the town voluntarily reconveyed to Edward McGehee, by deed executed by the mayor, by virtue of a resolution of the board of mayor and aldermen, recited in the preamble to the deed. Edward McGehee then took possession reluctantly, but immediately repaired the property at an outlay of six hundred dollars, and rented it to the town for a school, at three hundred dollars a year, until his death, when his heirs took charge, and again repaired the property, expending some six hundred dollars more. On Aug. 25, 1881, the town brought ejectment against Edward McGehee's heirs, and claimed twenty-two hundred dollars for rents, and from a judgment for the plaintiff over a plea of not guilty the defendants appeal.

*C. P. Neilson,* for the appellants.

1. If the deed from Edward McGehee was conditional, the condition being broken, McGehee had a right of entry, and the deed from the mayor reinvested him with this right. The grantee, admitting the breach and the right, did voluntarily what the grantor could have compelled, — reconveyed the land. 2 Black. Com. 156 ; 2 Wash. Real Prop. 12–17 ; 4 Kent Com.

149; *Poitevent* v. *Supervisors*, 58 Miss. 810. But it is contended for the appellee that the deed conveyed the premises to the corporation in trust for school purposes. If the town had authority to accept the trust, it had equal power, upon ascertaining its inability to carry it out, to surrender it to the donor.

2. The corporation had by its charter no power to accept the trust, to levy taxes for its execution, or to keep the property in repair. No such authority is implied. To hold land and other property for school purposes is not an inherent right in municipal corporations. Opposing counsel cite Dillon Mun. Corp. §§ 561, 567, but in this and every authority on the question there is either a charter right to raise the required funds, or the funds were provided by law, or the grant or bequest was itself of a revenue-producing character.

3. The parties have executed their own construction of the deed. For more than six years the corporation, through its three successive boards of mayors and aldermen, assented to this construction, and ratified and confirmed the settlement by paying rent for the property. The appellee is estopped from controverting this construction and from denying the validity of this deed, is estopped both by deed and *en pais* to contest the appellants' title to the lot in controversy.

*D. C. Bramlett*, for the appellee.

1. A municipal corporation has the common-law or implied power, unless restrained by charter or statute, to acquire and hold all such private property as may be essential to those purposes of municipal government for which it was created. Dillon Mun. Corp. §§ 561–563. It is equally clear that municipal corporations — as they are in law clothed with the power of individuality, and are placed by law under various obligations and duties — can accept and hold real estate in trust for benevolent or public purposes, as for a site for a school-house. This is conclusive as to the right and power of the corporation of Woodville to take the property in question for literary purposes. Dillon Mun. Corp. §§ 566, 567. The incorporated town having acquired title to the premises, and thus holding the same *in trust*, the mayor and aldermen could not divest this title by alienation. It was *ultra vires*, and the deed from the mayor of Woodville to Edward McGehee

is absolutely void. The property here was not the private property of the corporation of Woodville, but was held in trust for school and literary purposes. This trust is indestructible, and the mayor and aldermen, who are but the agents of the inhabitants of the corporation, could not dispose of the property. Dillon Mun. Corp. § 575.

2. A mere stipulation in a deed that this grantee shall do or abstain from doing a particular act, is not to be regarded as a condition. 2 Black. Com. 154, note 8; 2 Wash. Real Prop. 3. Conditions which go to defeat an estate are strictly construed. If we test the deed from Edward McGehee to the appellee by the rules laid down in Washburn and by this court, it conveys the title absolutely and unconditionally, and McGehee, in taking possession, and re-entering upon the premises in 1874, was a trespasser in the eyes of the law. *Memphis Railroad Co.* v. *Neighbors,* 51 Miss. 412; *Kilpatrick* v. *Graves,* 51 Miss. 432; *Poitevant* v. *Supervisors,* 58 Miss. 810. The stipulation referred to in the deed from Edward McGehee to the appellee is but a covenant to keep the property in repair and maintain a public school thereon, and, in the event of failure to do this, there was no right of re-entry in the grantor. Inability to do this would perhaps authorize the legislature to empower the appellee to dispose of the property by sale, and devote the proceeds of the sale to the purposes of the grant. If the corporate authorities should devote the property to purposes foreign to the grant, then McGehee, or any inhabitant of the town, could apply to a court of equity and compel the proper execution of the trust.

CAMPBELL, C. J., delivered the opinion of the court.

Conceding the right of the appellee to take under the deed, it had the right to convey the land to McGehee, whether the deed of McGehee contained a condition subsequent or a mere covenant on the part of the town in reference to the land conveyed. If it was a condition it was broken, and upon McGehee's re-entry he was in as of his original title. If it was a mere covenant or stipulation, not constituting a condition subsequent, the appellee had the right, by its constituted authorities, to reconvey the land to McGehee, and thus free

itself from the continued obligation of the covenant and lia-
bility for its disregard of it.

The land was not dedicated to public uses. It was the
property of the town not of a public nature, and it had the
right to alienate it. The fifth section of the charter of the ap-
pellee, granted in 1872, confers power to hold real estate and
to convey it. The deed of the mayor and aldermen, recon-
veying the land to McGehee, was valid, and the judgment of
the Circuit Court should have been in favor of the appel-
lants.                                        *Reversed and remanded.*